## ABBY D. CLAY *vs.* JEWETT B. BRIGHAM.

Under the *St.* of 1852, *c.* 312, the objection, that a declaration in slander, which sets forth a general charge in itself imputing a felony, and states the words spoken, is insufficient, by reason of not stating the circumstances necessary to show the sense in which the words were spoken, must be taken by demurrer.

SLANDER. "And the plaintiff says, that the defendant publicly, falsely and maliciously accused the plaintiff of the crime of larceny, by words spoken of the plaintiff substantially as follows: ' The said Abby is dishonest.'

"And the plaintiff further says, that the defendant publicly, falsely and maliciously accused the plaintiff of embezzlement, by words spoken of the plaintiff substantially as follows: ' She,' (meaning the said Abby, who was then a clerk in his employment) ' is dishonest.' "

Trial in the court of common pleas, before *Hoar*, J., who signed a bill of exceptions, in which the declaration was set out, and the residue of which was as follows:

"After the reading of the plaintiff's writ and declaration, the defendant moved the court to rule that the plaintiff's declaration contained no legal cause of action, and that the action could not be maintained. The court refused so to rule; but ruled that the only objection that could be taken to said declaration was upon demurrer, and that no such objection could be taken at this stage of the cause; and that if it appeared by the evidence that the defendant falsely and maliciously spoke the words as alleged, and under such circumstances and in such connection as to convey a charge of larceny, the action could be maintained. The jury returned a verdict for the plaintiff. To the foregoing ruling the defendant excepts."

*C. P. Hinds*, for the defendant, cited *Carter* v. *Andrews*, 16 Pick. 1; *Bloss* v. *Tobey*, 2 Pick. 320; *Snell* v. *Snow*, 13 Met. 278.

*J. C. Park*, for the plaintiff.

DEWEY, J. The charges of larceny and embezzlement are both actionable, and a declaration alleging that the defendant

had falsely and maliciously charged the plaintiff with the com-
mission of them, or either of them, states a good cause of action.

Whether the declaration is in proper form is quite another
question. Prior to the new practice act of 1852, *c.* 312, it was
sufficient to set forth the cause of action in these general terms:
that the defendant had publicly, falsely, and maliciously charged
the plaintiff with the crime of larceny. To some extent, a
change is introduced by this statute. The general mode of de-
claring, in an action of slander, is so far modified as to require
in addition thereto the statement substantially of the words
spoken of the plaintiff; and if necessary to indicate the nature
of the charge, the declaration should contain " a concise and
clear statement of such things as are necessary to make the
words relied on intelligible to the court and jury in the same
sense in which they were spoken." See forms annexed to *St.*
1852, *c.* 312.

If the declaration is not in accordance with the provision of
this act, § 21 has provided the remedy, by a demurrer. The
same section also requires that in such demurrer " the particu-
lars in which the alleged defect consists shall be pointed out."
The benefits of this mode of raising questions of formal compli-
ance with the statute are quite obvious, and should require us
to restrict the party objecting to that form of presenting the ob-
jection.

If the general charge set forth in the declaration is itself one
importing a felony, and the only objection is that there is no
sufficient compliance with the provisions of the statute in setting
out substantially the words spoken, or such clear statement as
is necessary to make the words intelligible in the same sense in
which they were spoken, the objection must be taken by de-
murrer, and not on the trial of the issues of fact.

If no demurrer has been filed, then upon such trial, if it is
shown by the evidence that the defendant falsely and mali-
ciously spoke the words as alleged in the declaration, and under
such circumstances and in such connection as to amount to a
charge of larceny or embezzlement, as the case may be, the
action may be maintained.          *Exceptions overruled.*